UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                              No. 01-4179

ANTHONY DARRELL NELSON,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-00-301)

Submitted: September 28, 2001

Decided: October 15, 2001

Before WIDENER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Anne R. Littlejohn, Greensboro, North Carolina, for Appellant. Benjamin H. White, Jr., United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

On January 11, 2000, Lieutenant Kelly Hiatt of the Mount Airy Police Department responded to a call of a suspicious vehicle at a Four Brothers Amoco gas station in Mount Airy, North Carolina. Concerned individuals at the gas station reported that a silver Nissan had pulled into the parking lot and remained stationary for approximately thirty minutes. When Hiatt arrived, he observed a silver Nissan on the road near the gas station facing the opposite direction of his vehicle.

Hiatt approached the vehicle and informed the driver that he had received a complaint about the driver's presence in the parking lot. The driver responded that he was having car problems. Hiatt asked the driver what his name was and the driver said "Anthony Darrell Nelson." That name immediately alerted Hiatt to possible criminal activities. At a recent police briefing, Hiatt had heard that an Anthony Darrell Nelson was a suspect in a violent armed robbery that had occurred several nights earlier at another Four Brothers Amoco gas station in Mount Airy.

Hiatt asked Nelson to step out of his car and patted down his upper body and torso, frisking him for weapons. Hiatt then asked for and received consent to search the Nissan.* Before conducting the search of the vehicle, Hiatt patted down Nelson again, this time concentrating on Nelson's lower body area and legs. At the suppression hearing, Hiatt explained his reasons for the second pat down:

> I knew that I wasn't going to be able to pay as much attention to him as I had been because I would be searching the car, and I knew there was another officer on the way, but I didn't want to leave him with another officer not knowing for sure that I had patted him down completely.

---

*Although Nelson vigorously disputed the question of consent at the motion to suppress, he expressly declines to raise this issue on appeal. *See* Appellant's Br. at 6.

J.A. 35. During the second pat down, Nelson informed Hiatt that he had a knife in his boot. Hiatt discovered and removed a concealed sheath knife, with a blade over four inches long. Hiatt then had Nelson stand in front of Hyatt's patrol car with his hands on the car. At about that time, the backup officer, Sergeant Lowe, arrived. Hiatt's subsequent search of Nelson's vehicle uncovered three guns, a .25 caliber Lorcin semiautomatic handgun in the front console between the seats, and a 12 gauge shotgun and an SKS rifle hidden in the back seat.

Nelson moved to suppress the seized evidence. Following a hearing, the district court denied the defendant's motion to suppress. Nelson then pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), but conditioned his guilty plea on the right to appeal the denial of the suppression motion. Nelson filed a timely notice of appeal.

We review the factual findings of the district court for clear error and the legal conclusion that reasonable suspicion existed de novo. *See United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). Nelson contends on appeal that Lieutenant Hiatt performed a *Terry* stop unsupported by reasonable suspicion when Hiatt ordered Nelson out of the vehicle. In *Terry v. Ohio*, 392 U.S. 1 (1968), the Supreme Court held that an officer can perform an investigative detention if he has a reasonable and articulable suspicion that a person has committed or is about to commit a crime. *See id.* at 21-22. The *Terry* Court defined reasonable suspicion as more than an "inchoate and unparticularized suspicion or 'hunch.'" *Id.* at 27.

"Reasonable suspicion is a commonsensical proposition." *United States v. Lender*, 985 F.2d 151, 154 (4th Cir. 1993). In this case, Lieutenant Hiatt possessed two specific and articulable facts that constituted reasonable suspicion. First, Nelson was parked for an unusually long time at a Mount Airy Four Brothers Amoco station. Second, Nelson identified himself by his full name: first, middle, and last. That full name matched the full name of a suspect in a recent violent armed robbery of another Mount Airy Four Brothers Amoco station. This suggested to Hiatt a strong likelihood that Nelson was the suspect in the prior armed robbery.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*